## Prudential Ins. Co. of America v. Brasier.

(Decided June 21, 1935.)

WHEELER, WHEELER & SHELBOURNE for appellant.

WELLS & WELLS and L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the McCracken circuit court sitting in equity, under which the plaintiff, Brasier, was adjudged to recover the sum of $1,000 on a policy of insurance by which the defendant agreed to pay him the sum of $50 per month in the event that he became totally and permanently dis-

abled during the life of the policy. Plaintiff is suffering from an inguinal hernia that he claims to have developed in October, 1932, after the policy in question was issued. It is not claimed that the plaintiff in his present condition is not actually totally and permanently disabled. The appellant's only grounds for reversal are: (1) That plaintiff is not totally disabled within the meaning of the policy because the condition of which he complains might be cured by an operation; and (2) that plaintiff actually suffered a hernia prior to the date of application for the policy and falsely stated in the application that he had never had a hernia.

Appellant relies principally upon the case of Cody v. John Hancock Mutual Life Ins. Co., 111 W. Va. 518, 163 S. E. 4, 86 A. L. R. 354, wherein it was held that an insured must minimize a disability which has overtaken him by submission to treatment which an ordinarily prudent person would accept under the circumstances. In Jefferson Standard Life Ins. Co. v. Hurt, 254 Ky. 603, 72 S. W. (2d) 20, 22, this court considered the Cody Case and said:

"But we have never gone so far as to apply the doctrine of minimizing damages * * * to a policy of insurance."

The opinion likewise refers to and quotes from the case of Marsh v. Peoria Life Ins. Co., 133 Kan. 191, 299 P. 934, wherein the court, under the terms of the policy before it, refused to approve an instruction on the duty of an insured to minimize his disability. We held, finally, that there was nothing in the wording of the policy in that case under which we could infer an intention to require an assured to minimize his damages. The policy before us does not insure against "incurable disability," but insures against total and permanent disability. We can see no reason for reading the word "incurable" into the policy when the insurance company has not seen fit to put it there. It is possible, of course, that a case might arise wherein the failure of an insured to accept treatment might constitute such bad faith or fraud as to justify an inference that he was not totally and permanently disabled or that he was estopped to claim total and permanent disability. This is not such a case, and we have expressly held in the case of Ætna Life Ins. Co. v. Wells, 254 Ky. 650, 72 S. W. (2d) 33,

242

that an insured need not undergo an operation for rupture in these precise circumstances.

The insurance company introduced a witness who testified that the insured had complained to him about being ruptured in 1930, prior to the date when this policy was issued, and that he was present when insured removed his truss. The reputation of this witness was impeached by several others. Plaintiff denied his testimony, and there was other conflicting evidence on the question. We think that the weight of the evidence was in accord with the decision of the chancellor and that plaintiff did not have a hernia prior to the date of the application for, or issuance of, the policy.

Judgment affirmed.